**FILED & ENTERED**

**JUL 21 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** sumlin    **DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Rigoberto Orozco<br>Maria Guadalupe Orozco<br><br><br><br>                                Debtor(s). | Case No.: 2:13-bk-15745-NB<br><br>CHAPTER 13<br><br>**MEMORANDUM DECISION REGARDING DEBTOR'S CLAIM OBJECTIONS**<br><br>Hearings:<br>Dates:       June 22, 2017<br>               July 20, 2017<br>Time:        8:30 AM<br>Courtroom:  1545 |

**(1) Background**

This chapter 13 case was commenced on March 6, 2013. Ten objections to claims have recently been filed (dkt. 58-67).

The motivation for these objections so long after the petition date is that, although the debtors' confirmed chapter 13 Plan (dkt. 25, 27) provides for a 0% dividend, one debtor has died and the surviving debtor, Mr. Orozco (dkt. 58, p.8), has listed his house for sale and anticipates paying all creditors 100% of their claims (dkt. 117). At a hearing on June 22, 2017, this court sustained some objections and took

under submission the objections to claims number four (dkt. 61, 113), five (dkt. 58, 114), and seven (dkt. 60, 112) and the written response by the holder of claim number seven (dkt. 110).

**(2) Issues**

    **(a) Issues common to claims four, five and seven**

The debtor's principal argument is that the credit card claims against him are time barred by California Code of Civil Procedure ("CCP") § 337(2). Under that statute the limitations period is four years from "the date of the last item" - *i.e.,* the last payment or charge. CCP § 337, para. 2 & § 337a.

Under section 108(c) of the Bankruptcy Code, if the limitations period has not expired as of the petition date then it is extended until 30 days after "notice of termination or expiration" of the automatic stay (or, if longer, the end of the limitations period). 11 U.S.C. § 108(c). Therefore the issue is whether the last payment or charge occurred on or after March 6, 2009 (four years prior to the petition date).

The subject claims do not appear on their face to be time barred. For example, Claim 5-1 includes a "Statement of Accounts" specifying that the "Last Payment Date" was "09/12/2009," which is within the four year limitations period. Claim 5-1 at PDF p. 3. Nevertheless, the debtor suggests that the claim <u>might</u> be time barred, and that the burden is on the claimant to show otherwise. He declares:

> I have reviewed my records and <u>I do not believe</u> that any payments were made on this account within the four years prior to the filing of this case. The claim alleges that the last payment on the account was on September 12, 2009, but <u>does not provide any evidence of this last payment</u>. [Dkt. 58, p. 8:15-16 (emphasis added).]

The debtor asserts that not only is there insufficient evidence of a lack of time bar, but that there is insufficient evidence of any debt at all:

> [The claimant] fails to provide <u>any</u> evidence that the debt is owed by Debtor … (<u>no statements, contracts, or charge receipts</u>). [Dkt. 58, pp. 2:1 *and* 3:9-10 (emphasis added).]

Later in the same document the debtor concedes that the proof of claim does

include some evidence, namely the Statement of Accounts. But he asserts that this is "<u>virtually</u> no evidence" in support of the claim. Dkt. 58, p. 5:2 (emphasis added).

On June 13, 2017 claimant Capital One Bank filed an amended proof of claim (Claim 5-2) which includes one of the types of documents that the debtor alleged was missing – a credit card statement for the period ended October 21, 2010. On June 15, 2017, the debtor filed a response (dkt. 114) reiterating the debtor's arguments and asserting that Claim 5-2 lacks sufficient evidence and is barred by CCP § 337(2). Claim four was the subject of a similar exchange of filed papers. *See* dkt. 61, 113 *and* Claim 4-1 and 4-2.

**(b) Additional issues and arguments as to claim seven**

The debtor argues that there is "insufficient evidence of assignments" of claim seven. *See, e.g.,* dkt. 60, p. 2:3-5 (objecting to claim 7-1). This appears to be an objection that the claimant, eCAST Settlement Corporation ("eCAST") lacks standing (it could also be an objection that eCAST is not the real party in interest, and the following discussion would apply equally to that issue). *See generally In re Veal,* 450 B.R. 897 (9th Cir. BAP 2011) (explaining the "standing" and "real party in interest" concepts).

Before addressing the merits of the debtor's arguments, eCAST argues that the debtor's delay in objecting to the claim, both in this case and in a prior bankruptcy case, amounts to almost seven years. This delay <u>might</u> be prejudicial, according to eCAST, because relevant "documentation <u>may</u> no longer be available." Dkt. 110, p. 2:4-18 (emphasis added). Although this argument raises interesting issues, it is mooted by the discussion below because the debtor's objection is overruled on other grounds.

Responding to the debtor's apparent challenge to its standing, eCAST argues that its proof of claim is not required to provide evidence of standing under Rule 3001 (Fed. R. Bankr. P.). Dkt. 110, pp. 3:9-5:28. Alternatively, eCAST supplements its original evidence of standing.

Specifically, the original evidence attached to proof of claim 7 is a Bill of Sale and Assignment but it is incomplete and fails to state which specific accounts were sold to

eCAST. *See* Claim 7-1 at PDF p. 3 (referencing a missing "Exhibit 1"). As a supplement, eCAST's response includes the business records declaration of its executive director (dkt. 110-1, ¶¶ 1-3) attesting: "On or about October 27, 2010, eCAST purchased [the account at issue] from Citibank (South Dakota), N.A." ("Citibank") and "eCAST is the current owner of the Account." The declaration also confirms, "According to the records provided by Citibank … the last payment on the account … was made on September 23, 2010," and it attaches copies of numerous monthly credit card statements.

As to the validity of its claim, eCAST argues that the documentation provided in its proof of claim is sufficient in all respects and therefore its claim is presumptively valid under Rule 3001(f); or in the alternative that its claim is entitled to a presumption of validity because of the debtor's act of listing the claim in the bankruptcy schedules (citing *In re Jorczak,* 314 B.R. 474, [482-]483 (Bankr. D. Conn. 2004)) or because of the additional documentation attached to its response; or alternatively that to the extent any information is missing or not available that omission is "harmless given the information provided." Dkt. 110, pp. 2:18-3:8 and 6:1-7:28. Even if a proof of claim "is not sufficient to achieve prima facie validity," eCAST argues, it can still be "some evidence of the debt." Dkt. 110, p. 6:18-24 (citing *In re Mazzoni,* 318 B.R. 576, 578-79 (Bankr. D. Kan. 2004) ("If a claim does not have *prima facie* validity, the claimant still satisfies its initial burden of proving the existence and amount of the claim with the presentation of the proof of claim, which is signed under penalty of up to $500,000 or up to five years in prison.") (footnote omitted)).

Finally, eCAST addresses the debtor's statute of limitations arguments. It argues that this is an affirmative defense, and that the debtor has failed to meet his burden to establish that defense because the last payment on the account was within four years prepetition. Dkt. 110, p. 8:1-9:7.

**(3) Legal Standards**

**(a) There must be some factual or legal basis to disallow the claim, not just an alleged non-compliance with Rule 3001**

Under the statute, a proof of claim "is deemed allowed" unless an objection is made, and if such an objection is made then the court "shall" allow such claim "except to the extent that" it is unenforceable under the agreement itself or applicable law (or other, inapplicable grounds). 11 U.S.C. § 502(a) & (b). In other words, the burden is on the objecting party to provide a cognizable ground to disallow the claim.

It is true that under Rule 3001(f) a proof of claim must be "executed and filed in accordance with these rules" in order to <u>automatically</u> "constitute *prima facie* evidence of the validity and amount of the claim." But a rule cannot supersede a statute, and as held by the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP"), an objecting party must do more than simply point to a lack of compliance with Rule 3001 in order to obtain an order disallowing a claim: the objecting party must establish an actual basis to contest the liability or amount of the claim. *See In re Campbell,* 336 B.R. 430 (9th Cir. BAP 2005); *In re Heath,* 331 B.R. 424 (9th Cir. BAP 2005). *See also Travelers Cas. & Sur. Co. of Am. V. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449 (2007) ("the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)") (quoting the statute).

**(b) Non-compliance with Rule 3001 only means that "the usual burdens of proof" apply**

If a proof of claim is inadequate to "constitute *prima facie* evidence" <u>automatically</u> under Rule 3001(f), all that means is that "the <u>usual burdens of proof</u> associated with claims litigation apply." *Campbell,* 336 B.R. 430, 436 (emphasis added). Some examples will illustrate.

**(i) The claimant has the burden to prove its standing**

Suppose the debtor objects that the claimant lacks standing. Suppose further that (unlike any of the claims at issue in this memorandum decision) the proof of claim

fails to attach a statement as to the identity "of the entity from whom the creditor purchased the account" as required by Rule 3001(c)(3)(A)(i).

Such a hypothetical proof of claim fails to qualify for the presumption under Rule 3001(f) so it does not <u>automatically</u> constitute *prima facie* evidence of the "validity" of the claim ("validity" includes the issue of standing because one who is not entitled to enforce the claim could not validly assert a right to payment).  The result would be that the "usual burdens of proof" apply, which means that the claimant has the burden. Therefore the claim will be disallowed unless the claimant supplements its proof of claim to provide evidence of its standing to collect the debt.  *See In re Veal,* 450 B.R. 897, 918-922 (including extensive discussion of *Campbell* and *Heath* as applied to issue of standing to assert claim).

### (ii) The debtor has the burden to prove the affirmative defense of the statute of limitations

Now assume a different set of facts.  Suppose the debtor objects that the claim is time barred because the claim fails to state "the date of the last payment on the account." Rule 3001(c)(3)(A)(iv).  On the one hand, it is still true that the hypothetical proof of claim fails to qualify for the benefit of Rule 3001(f), so there is no <u>automatic</u> *prima facie* evidence of the claim's "validity" (supposing for the sake of discussion that the absence of a time bar were part of a claim's "validity").  But on the other hand an assertion that the statute of limitations applies is an affirmative defense, so the debtor bears the burden of proof on that issue.  *See generally* Rule 8(c) (Fed. R. Civ. P.) (noting that statute of limitations is an affirmative defense).

In other words, even though the proof of claim does not comply with Rule 3001(c)(3)(A)(iv), the burden is still on the debtor to provide some evidence that the last transaction on the credit account was further in the past than the limitations period.  *See* Cal. Code Civ. P. 337, para. 2.  Unless the debtor produces some evidence - such as copies of the monthly credit card statements showing no payment at the time asserted

by the claimant - the debtor's objection will be overruled.  This is addressed further below, in discussing the particular claims at issue in this case.

### (iii) Shifting burdens of proof

As the BAP has explained, the burdens of proof shift back and forth.  Initially, if the proof of claim does not comply with Rule 3001(f) then it does not <u>automatically</u> constitute *prima facie* evidence of the "validity and amount" of the claim.  But the proof of claim can still be *prima facie* evidence of the claim's validity and amount if the evidence attached to the proof of claim is "sufficient to support the claim" (just like the evidence attached to a verified complaint).  In that situation the party objecting to the claim "must produce evidence tending to defeat the claim that is of a probative force equal to that of the creditor's proof of claim."  *In re Consolidated Pioneer Mortgage,* 178 B.R. 222, 226 (9th Cir. BAP 1995) (citations and internal quotation marks omitted). More precisely, "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency" and if the objector produces "sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence."  *Id.* (citation and internal quotation marks omitted).  In sum, the burden can go back and forth multiple times.

### (iv) Special rules for individual bankruptcy cases

As alluded to above, if the debtor is an individual then additional requirements apply under Rule 3001(c)(2).  For example, if "in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed" then "an itemized statement of interest, fees, expenses, or charges shall be filed with the proof of claim."  If the holder of a claim fails to provide such information then "the court may, after notice and a hearing," either (i) "preclude the holder from presenting the omitted information" as evidence in any contested matter or adversary proceeding (except that the court may not do so if the failure was substantially justified

or harmless) or (ii) "award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure."  Rule 3001(c)(2)(D).

### (v) Discovery

Sometimes a party objecting to a proof of claim will not possess the evidence to meet that party's burden of proof.  For example, a debtor might not have retained copies of the monthly credit card statements.  In addition, this court takes judicial notice that many debtors are "unbanked" and pay using money orders or cash, so they might not have any reliable written evidence of payments.

In that event the debtor can seek discovery.  One method of obtaining discovery is to make a "written request" for "a copy of the writing" on which the claim is "based" pursuant to Rule 3001(c)(3)(B).  That method is discussed further below.  If that method is unavailable then the debtor will need to resort to the usual methods of discovery. (Because claims objections are contested matters, rather than issues regarding the general administration of the estate, it may be necessary to use Rules 7026-7037 rather than Rule 2004, but that issue is not before this court.  *See generally Collier on Bankruptcy* para. 2004.01 (16th ed.).)

Of course, if the discovery is unduly burdensome then it may be quashed. Conversely if the creditor is unresponsive or obstreperous then the party objecting to its claim might be entitled to an order compelling production, or evidentiary presumptions, or other remedies.

With the foregoing legal standards in mind, this court turns to the debtor's objection to these particular claims.

**(4) The debtor has not met his burden as to the validity of the claim**

The debtor's claim objections attempt to shift the legal burdens of proof.  The following discussion uses claim five as an example.  The same reasoning applies to claims four and seven, except as noted below.

The debtor relies on his declaration (*e.g.,* dkt. 58 at PDF p.8 para. 5) that the claimant "provides <u>no evidence</u> in support of the Claim <u>except</u> a one page summary of

the amount of the debt it alleges is owed." (Emphasis added.)  That is an insufficient objection.

**(a) The proof of claim is entitled to prima facie validity under Rule 3001(f)**

Using claim five as an example, the proof of claim includes a Statement of Accounts (POC 5-1 at PDF p. 13) that appears on its face to satisfy the requirements of Rule 3001(c)(3).  The debtor argues that the "Proof of Claim fails to provide any evidence of the underlying debt (no statements, contracts, or charge receipts)" (dkt. 59, p.3:9-10) but nothing in Rule 3001(c)(3) requires that the claimant attach all monthly "statements" or the credit card agreement and any periodic amendments ("contracts") let alone "charge receipts" for what may well be hundreds if not thousands of individual transactions.  In other words, the debtor has failed to show any noncompliance with Rule 3001, so under Rule 3001(f) the proof of claim is automatically *prima facie* evidence of the "validity and amount" of the claim.

**(b) Alternatively, the debtor has not satisfied *Campbell* and *Heath***

Even if the proof of claim were not automatically *prima facie* evidence of the claim's validity and amount (which it is), the debtor still must establish some ground on which to disallow the claim.  For example, he could provide an account statement showing a lower balance than what the claimant asserts, or provide a canceled check showing that subsequent to the date of the balance asserted by the claimant the debtor made a payment that was not counted by the claimant.  But he fails to do anything like that. So under *Campbell* and *Heath* his objection must be overruled.  *See Campbell,* 336 B.R. 430; *Heath,* 331 B.R. 424.

**(c) Alternatively, the claimant has provided *some* evidence, which is enough to defeat the debtor's lack of *any* evidence**

Even if this court were to disregard *Campbell* and *Heath* and shift the burden to the claimant (which it will not do), the debtor's objection is still unpersuasive because the claimant has met that burden.  The debtor argues that there is no evidence "except" the claimant's records, but that <u>is</u> evidence.  It might not be the <u>strongest possible</u>

evidence; but the debtor has offered <u>no evidence</u>, so the debtor has not rebutted the claimant's evidence.

**(5) The debtor's arguments regarding Rule 3001(c)**

    **(a) The cases and rules cited by the debtor are inapposite**

The decisions cited by the debtor (dkt. 58, pp. 3:21-4:15) were expressly rejected in *Campbell* and *Heath*. *See In re Crowe,* 321 B.R. 729 (Bankr. W.D. Wash. 2005) (part of "minority camp" rejected by *Heath*, 331 B.R. 424, 434 at n.5); *In re Vann,* 321 B.R. 734 (Bankr. W.D. Wash. 2005) (same).

In addition, to the extent that the debtor relies on those or other decisions for the precise information that the claimant must provide (dkt. 58, p. 4:12-19, citing *Crowe*, *Vann*, and *In re Cluff,* 313 B.R. 323 (Bankr. D. Utah 2004)), those decisions are irrelevant on that issue because they were decided prior to the 2012 amendments to the rule, which now specifies exactly what claimants must provide (as further explained below). *See* Rule 3001(c) (Fed. R. Bankr. P.).

In addition, the debtor misreads amended Rule 3001. As discussed in more detail below, the rule establishes that a claimant must <u>file</u> only a summary (which the claimant has done), and then it permits the debtor to <u>request</u> more evidence, but the rule places the burden on the debtor to make that request - *i.e.,* to <u>specify</u> what evidence is requested, rather than simply allege that somehow something (unspecified) is also required. Alternatively, even if the rule were read to place the burden on the claimant to somehow identify what additional evidence the debtor is seeking (which is not this court's interpretation of the rule), any such burden shifting would be superseded by the statute for the same reasons as set forth in *Campbell* and *Heath*.

    **(b) Interpretation of Rule 3001**

Under the amended rule, when a claim is based on a writing the <u>general</u> rule is that "a copy of the writing shall be filed with the proof of claim" (Rule 3001(c)(1), emphasis added), but there is an exception for an "open-end or revolving consumer credit agreement" (*e.g.,* credit card accounts). As to those claims, the claimant need

only list: (i) the seller of the account, (ii) the account holder as of the last transaction, (iii) the date of the last transaction, (iv) the date of the last payment, and (v) the date on which the account was charged off.  Rule 3001(c)(3)(A).  Then the debtor can "request" a "copy of the writing" on which the claim is "based" (Rule 3001(c)(3)(B)) and the claim objection itself can serve as that request "if it is sufficiently specific about the information required" - otherwise the creditor is "not required to respond."  *Heath,* 331 B.R. 424, 436-37 (text accompanying nn. 6 & 7, emphasis added).  The question is: what does it mean to "request" a copy of "the writing"?

If interpreted very broadly, "the writing" for an "open-end or revolving consumer credit agreement" conceivably could consist of (A) every monthly account statement ever generated for the account (including any prior accounts that were rolled over into the current one) and (B) the original credit card agreement and every notice of change in terms or any other communication with the debtor, all of which typically would amount to hundreds of pages.  But interpreting the rule to authorize an open ended, burdensome "request" for all of these documents as encompassed within "the writing" is not reasonable.

Most of that sort of information would be irrelevant.  For example, under applicable nonbankruptcy law consumers typically have only a short period of time in which to contest the charges on monthly statements, so old statements generally would be irrelevant and would not constitute "the writing" on which the claim "is based."

If what the debtor really wants is, for example, a copy of the monthly statement for the last month in which a payment was made, then the debtor must say so, and must explain why that is relevant.  But that issue only appears to be relevant to the statute of limitations defense, and the claim is not "based" on that, so the debtor would have to conduct regular discovery.  That is how this court interprets the Rule's authorization to "request" not just any "writing" but "the writing" on which the claim is "based."

If the debtor were to make a request that is within the bounds of the rule, and the claimant fails to respond, then the debtor is free to argue that there is an "evidentiary

-11-

basis to object to the unsupported aspects of the claim" (*Heath*, 331 B.R. at 437) or that this constitutes some sort of admission or waiver on a relevant issue. But the debtor must cite legal authority that this is so, and often it will not be the case. As noted in *Heath*, even if the proof of claim "is not entitled to prima facie validity," all that means is that "it may have lesser evidentiary weight or none at all, but unless there is a factual dispute that is irrelevant." *Heath,* 331 B.R. 424, 435.

For example, in this case the debtor has asserted that the statute of limitations is applicable but it is still the debtor's burden to establish that affirmative defense. The debtor would have to cite authority that a lack of response from the claimant to the bare assertion that the statute of limitations might apply is sufficient to shift the burden to the claimant. This court is not aware of any such authority.

In sum, the debtor has attempted to use Rule 3001(c) to shift the burden to the claimant either to produce all writings or to somehow read the debtor's mind and identify which writings the debtor thinks are relevant. That is not a reasonable interpretation of Rule 3001(c)(3)(B)).

**(c) Alternatively, if Rule 3001 were interpreted as broadly as the debtor argues, it would violate the statute**

If Rule 3001(c)(3)(B) were to be interpreted to mean that a debtor could "request" anything that might conceivably be "the writing" on which the claim is based, and that failure to produce all such writings would be grounds to disallow the claim, that would be contrary to the statute. As explained above, and in *Campbell* and *Heath*, the statute states that the court "shall" allow the claim unless there is a basis to disallow the claim on one of the statutory grounds, and failure to produce reams of irrelevant documents is not one of the statutory grounds.

**(6) Statute of limitations**

Using claim five as an example, the Statement of Accounts attached to the proof of claim, which is signed under penalty of perjury, states that the last item was September 12, 2009. The debtor vaguely asserts (dkt. 58, p.8, para. 6) "I do not

believe" that payments were made on this account "within the four years prior to the filing of this case." (Emphasis added.) That is inadequate.

As eCAST argues, a statute of limitations is an affirmative defense, on which the debtor bears the burden of proof. The debtor has not met that burden.

**(a) Lack of evidence**

Nothing supports the debtor's "belie[f]" except that the debtor states "I have reviewed my [unspecified] records." *Id.* What records did the debtor review? What did those records show?

Is the debtor declaring that he actually has copies of his account statements dating back more than four years? Does he have the monthly account statement for the month in which the claimant alleges that the last payment was made, showing that in fact no such payment was made? If so, why has he not produced a copy of that statement?

Alternatively, if he failed to retain that monthly statement, and if he had a bank account at the relevant time, is he saying that he checked his bank records and they show that there was no such payment? If he did those things, why are those documents not attached?

If he did not do any of the foregoing things, then what is the relevance of saying that he has reviewed unspecified "records"? More generally, how does the debtor's declaration establish anything more than his unsupported "belief" based on wishful thinking?

In sum, on the present record the debtor's declaration does not appear to be any evidence at all.

**(b) Lack of any "request" for documents**

This court does not interpret the claim objection as a request for any specific documents that might be relevant to the statute of limitations defense. Even if it were such a request, it is too broad, too vague, and unsupported by any factual or legal analysis, so it is insufficient under the analysis set forth above.

**(c) Alternatively, eCAST has adequately responded to the debtor's request**

The documents provided by eCAST are sufficient to rebut the debtor's assertion that the statute of limitations applies (i) even if the debtor's amorphous claim objection could be interpreted as a sufficient request for documents (which it is not) and (ii) even if the debtor's "request" (as distinguished from formal discovery) for the writing on which the claim "is based" would encompass writings relevant to an affirmative defense (which is not how this court interprets Rule 3001(c), as explained above). Among the documents provided by eCAST is a credit card statement dated "10/24/10" which includes a line item for "9/23" entitled "Payment Thank You" in the amount of $500. Dkt. 110, Ex.A, at PDF p. 22 of 22. In other words, the monthly statement supports eCAST's argument that the last item on this account is within the four year limitations period. (This court need not decide if eCAST's Statement of Accounts and/or declaration would have been enough by themselves, even without the monthly statement, because as explained above the debtor never provided enough evidence or discovery requests to shift the burden to eCAST.)

For all of these reasons, the debtor's statute of limitations defense fails.

**(7) Conclusion**

The chapter 13 bankruptcy discharge is an enormous benefit, permitting the honest but unfortunate debtor to pay whatever he or she can to creditors for a period of time and then discharge the balance. But by filing the claim objections in this case the debtor apparently seeks to have his cake and eat it too: he wants to disallow claims that, based on the record presented so far, this court "shall" allow under 11 U.S.C. § 502, and he wants to retain for himself the money that would otherwise be paid to his creditors.

This court recognizes that credit card companies sometimes impose default rates of interest and other charges that are many multiples of what have traditionally been regarded as usurious, and often engage in reprehensible behavior. But those issues have not been alleged in this case, and are not before this court.

What is before this court are motions (claim objections) that are not adequately supported.  This court is also aware that, as noted in *Heath*, it is " more trouble [for most Creditors] to respond than the claim is worth," which means that this court must be careful to hold the debtor to his burden of proof even in the absence of a response from the claimant.  *See Heath,* 331 B.R. 424, 427, 436 and *passim* (quoting and affirming bankruptcy court).

For all of the foregoing reasons, the debtor's claim objections will be overruled by separate orders (one for each objection).

###

Date: July 21, 2017

Neil W. Bason
United States Bankruptcy Judge